# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| **CALVIN NEBELSICK** on behalf of **GILLIAN M. NEBELSICK**, | |
| Plaintiff, | **No. 13-CV-4104-DEO** |
| vs. | **ORDER** |
| **CAROLYN W. COLVIN**, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

The above captioned case arises out of a Social Security Complaint filed by Ms. Nebelsick on October 28, 2013. Ms. Nebelsick passed away on January 2, 2014.

On July 18, 2014, the Defendant filed a Motion to Dismiss, Docket No. 18. In the Motion to Dismiss, the Defendant argues that Ms. Nebelsick's case should be dismissed because she is deceased and her attorney failed to properly substitute a new party to the case. Specifically, the Defendant argues:

> [b]ecause plaintiff's successors or representative did not file a motion for substitution of a party within 90 days after making a statement to the Court noting plaintiff's death, defendant

> respectfully requests that this Court enter an order dismissing this case under Rule 25(a)(1).

Docket No. 18, Att. 1, p. 5.

42 U.S.C. § 404(d) states that if a claimant dies, payment can be made to the decedent's next of kin if the next of kin is properly substituted as a party under Fed. R. Civ. P. 25(a)(1). Under that rule, Plaintiff's counsel should have moved to substitute her next of kin by July 8, 2014. Plaintiff's counsel did not do so. However, after the Defendant filed the above mentioned Motion to Dismiss, Plaintiff's counsel filed a Resistance, Docket No. 20, and a Motion to Substitute a New Party, Docket No. 22.

On August 27, 2014, Magistrate Strand considered whether Plaintiff should be allowed to add a new party even though the deadline had passed. Judge Strand ruled that:

> [i]n considering all of the relevant circumstances, including the relatively short delay, I find that it would be unjust to penalize Mr. Nebelsick for plaintiff's counsel's inaction. As such, I find that plaintiff has shown excusable neglect such that the untimely motion to substitute party should be allowed. I further find, based on the representations set forth in plaintiff's reply (Doc. No. 26 at ¶ 2), that Mr. Nebelsick is a proper party in interest. See 42 U.S.C. § 404(d); 20

> C.F.R. § 404.503(b). As such, he may be
> substituted as the plaintiff in this case.

Docket No. 27, p. 3. Based on the Magistrate's ruling, Mr. Nebelsick was added as a new party to the case.

Because Judge Strand allowed Mr. Nebelsick to be added as a party in this case, the Defendant's Motion to Dismiss, Docket No. 18, is moot. As such, it is denied.

**IT IS SO ORDERED** this 8th day of October, 2014.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

3