# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| CALVIN NEBELSICK, on behalf of Gillian M. Nebelsick,<br><br>    Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY, Carolyn W. Colvin, Acting Agent,<br><br>    Defendant. | No. C 13-4104-MWB<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES** |

_____

      This case is before me on the plaintiff's April 29, 2015, Application For Attorneys Fees Under 28 U.S.C. § 2412(d) (docket no. 41), requesting attorney's fees in the amount of $6,087.50. In response, the defendant filed her Response To Plaintiff's Application For Attorney Fees Pursuant To The Equal Access To Justice Act (docket no. 42) stating, "After discussions with plaintiff's counsel, plaintiff and defendant have agreed to an award of EAJA fees and expenses in the amount of $4,000.00." Further, the defendant states that, in accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), "the EAJA fee is payable to the plaintiff as the litigant and may be subject to offset to satisfy any pre-existing debt the litigant owes to the United States." Defendant's Response at 1-2.

      In 28 U.S.C. § 2412(d), the EAJA provides for the award of fees and expenses under the following circumstances: (1) the party requesting the fees prevailed; (2) the position of the United States was not "substantially justified;" (3) the fees were incurred by the moving party in a "civil action . . . including proceedings for judicial review of agency action;" (4) the action was brought by or against the United States; (5) the court

entering the ruling had "jurisdiction of that action;" (6) the party seeking fees submitted an application 30 days after final judgment, specifying the "amount sought, including an itemized statement . . . stating the actual time expended and the rate at which fees and other expenses were computed;" (7) the amount sought is reasonable under the circumstances; and (8) there are no "special circumstances" making "an award unjust."

In this case, the plaintiff has satisfied each of the necessary circumstances identified in § 2412(d). The plaintiff prevailed in a civil action against the Commissioner of Social Security. *See* Order (docket no. 39) (reversing the decision of the ALJ and remanding for further consideration). The Commissioner's position was not substantially justified, in that the overwhelming weight of the evidence supported the conclusion that the Commissioner's decision should be reversed and remanded for further consideration. The fees claimed were incurred by the plaintiff in proceedings for judicial review of agency action against the United States. This court properly exercised jurisdiction over this action for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The plaintiff's Application For Attorneys Fees was timely and included an itemized statement of the actual time expended, the hourly rate, and the manner in which fees and other expenses were computed. *See* Plaintiff's Application For Attorneys Fees (docket no. 41-1). Neither the Commissioner nor I consider the amount agreed upon by the parties to be unreasonable under the circumstances.[1] Finally, I am unaware of any special circumstances that would render the award unjust, and the parties have identified none.

---

[1] 28 U.S.C. § 2412(d)(2)(A) provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." In this case, I have reviewed the Itemization of Fees provided by the plaintiff's attorney, and I find that the hourly rate charged in this case is $125. *See* Plaintiff's Application For Attorneys Fees (docket no. 41-1). No party has

THEREFORE, the plaintiff's April 29, 2015, Application For Attorneys Fees Under 28 U.S.C. § 2412(d) (docket no. 41) is **granted** in the amount to which the parties have agreed. The Social Security Administration shall pay attorney fees under the EAJA in the agreed upon amount of $4,000.00, payable to the plaintiff, and mailed to plaintiff's attorney's address after any offset.[2]

**IT IS SO ORDERED**.

**DATED** this 27th day of August, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

---

asserted, and I do not find, that any increase in the rate is justified. *See* 28 U.S.C. § 2412(d)(2)(A).

[2] As previously stated, the fee amount is subject to offset as set out in *Astrue v. Ratliff*, 560 U.S. 586 (2010).